## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P., § | | |
| **Plaintiff** § | | **CIVIL ACTION NO. 1:12-CV-00773** |
| § | | |
| **v.** § | | **Judge Sam Sparks** |
| § | | |
| OMRON OILFIELD & MARINE, INC., § | | |
| **Defendant** § | | **JURY TRIAL DEMANDED** |

### NOV'S SUR-REPLY TO OMRON'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS, FOR DEFAULT JUDGMENT, AND FOR SUMMARY JUGDMENT

Plaintiff National Oilwell Varco, L.P. ("NOV") respectfully files this sur-reply to Omron's reply brief (Doc.No. 148-1) in Support of its Motion to Dismiss, for Default Judgment, and for Summary Judgment.

1.     Omron's reply relies heavily on the Federal Circuit's holding in *Abraxis Bioscience, Inc. v. Navinta, L.L.C.*, 625 F.3d 1359, 1361 – 65 (Fed. Cir. 2010).[1]   Omron's assessment of *Abraxis* is misplaced.  The Federal Circuit in *Abraxis* held that the asset purchase agreement in question was not a valid transfer for one single reason – the transferring entity did not own the patents-in-suit:

> At that time [time of the asset purchase agreement] AZ-UK could not assign the patents because it did not possess their titles.  AZ-UK had no legal title to assign and, therefore, lacked standing to commence litigation.

*Abraxis*, 625 F.3d at 1365 – 66 (emphasis added).  Since AZ-UK did not own the patents until after execution of the agreement, the agreement could not have transferred the patents.  *Id.  Abraxis* is completely different than the case at bar.  Omron does not dispute that Varco, L.P. owned the '142 patent at the time the asset purchase agreement was executed.[2]

---

[1] Doc.No. 148-1 at 4, 9.
[2] *See* Doc.No. 140-3 (NOV's Response to Omron's Motion) at 3 – 7.

2.      Omron also cited a Delaware case about a gas utility which sought to raise its rates. *Chesapeake Utilities Corp. v. Delaware Pub. Serv. Comm'n*, 705 A.2d 1059 (Del. Super. 1997). *Id*.  The case defined "intangible asset" under the state statute pertaining to environmental cleanup expenses.  This case has no relevance here.  The parties to the Varco/National Oilwell agreement defined "physical assets" to include "Patents."[3]  Any other reading of the asset purchase agreement would ignore the plain language of the agreement and the intent of the parties.

Date: January 6, 2015                          Respectfully submitted,

                                               **RALEY & BOWICK, LLP**

                                               */s/ John W. Raley*
                                               John W. Raley
                                               Robert M. Bowick
                                               Bradford T. Laney
                                               1800 Augusta Drive, Suite 300
                                               Houston, Texas 77057
                                               (713) 429-8050 (telephone) (713) 429-8045
                                               (facsimile) JRaley@RaleyBowick.com
                                               RBowick@RaleyBowick.com
                                               BLaney@raleybowick.com

                                               **ATTORNEYS FOR PLAINTIFF NATIONAL OILWELL VARCO, LP**

---

[3] Ex. C to Doc.No. 145 (deposition of NOV's corporate representative)(confirming that Exhibit A to the asset purchase agreement was "an *example* of the *type* of assets that were owned by Varco, L.P. that were transferred to National Oilwell Varco, L.P.")

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and all attachments are being served on all counsel of record via electronic mail as addressed below, on January 6, 2015.

| | |
|---|---|
| **Matthew C. Powers**<br>Texas Bar No. 24046650<br>Graves, Dougherty, Hearon & Moody<br>401 Congress Ave., Suite 2200<br>Austin, TX 78701<br>Phone: (512) 480-5600<br>Fax: (512) 480-5853<br><br>**Kimberly K. Dodd**<br>Wisconsin Bar ID. 1044498<br>Foley & Lardner, LLP<br>777 East Wisconsin Ave.<br>Milwaukee, WI 53202-5306<br>Phone: (414) 271-2400<br>Fax: (414) 297-4900<br>Email: kdodd@foley.com | **Matthew B. Lowrie**<br>Foley & Lardner, LLP<br>111 Huntington Ave.<br>Boston, Massachusetts 02199<br>Phone: (617) 342-4000<br>Fax: (617) 342-4001<br>Email: mlowrie@foley.com |

 /s/ Bradford T. Laney
Bradford T. Laney